IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RESTAURANT ACQUISITION GROUP, LLC, a Florida limited liability company,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CV-10-BE-1473-S |
| **SPIRIT MASTER FUNDING III, LLC** and **SPIRIT MASTER FUNDING IV, LLC, Delaware limited liability companies,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

This matter comes before the court on the Defendants' "Motion to Strike Plaintiff's Jury Demand" (doc. 15). Defendants Spirit Master Funding III and Spirit Master Funding IV seek to strike Plaintiff Restaurant Acquisition Group's jury demand because of a waiver of right to jury trial contained in their contract. Plaintiff argues that it is entitled to a jury trial to decide the question of fraudulent inducement of the contract. The parties have fully briefed the motion, and the court has reviewed the filings and applicable law. For the reasons stated in this Memorandum Opinion, the court will GRANT Defendants' motion to strike.

### BACKGROUND

On December 31, 2009, Plaintiff Restaurant Acquisition Group ("RAG") entered into two separate Master Lease Agreements with Defendants Spirit Master Funding III and Spirit Master Funding IV (collectively "SMF") for the lease of certain commercial properties owned by

1

Defendants.

On June 11, 2010, RAG filed this lawsuit alleging, among other things, fraudulent inducement and breach of contract as to the Leases. The complaint included a jury demand. However, the Leases included the following waiver of the right to jury trial:

> **Section 18.10. Waiver of Jury Trial and Certain Damages.** LESSOR AND LESSEE HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY AND ALL ISSUES PRESENTED IN ANY ACTION, PROCEEDING, CLAIM OR COUNTERCLAIM BROUGHT BY EITHER OF THE PARTIES HERETO AGAINST THE OTHER OR ITS SUCCESSORS WITH RESPECT TO ANY MATTER ARISING OUT OF OR IN CONNECTION WITH THIS LEASE, THE RELATIONSHIP OF LESSOR AND LESSEE, LESEE'S USE OR OCCUPANCY OF THE PROPERTIES, AND/OR ANY CLAIM OR INJURY OR DAMAGE, OR ANY EMERGENCY OR STATUTORY REMEDY. THIS WAIVER BY THE PARTIES HERETO OF ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY HAS BEEN NEGOTIATED AND IS AN ESSENTIAL ASPECT OF THEIR BARGAIN...

Because of the language specifically waiving the right to trial by jury "with respect to any matter arising out of or in connection with [the] lease," SMF alleges that RAG's jury demand is improper and should be struck. RAG, on the other hand, contends that no reason exists to depart from the general rule that a claim for fraudulent inducement voids the entire contract. Accordingly, RAG asserts that it is entitled to a jury trial on its claim for fraudulent inducement because it would never have entered into the Leases had it known that SMF did not have good title to certain furniture, trade fixtures, equipment, and other personalty. RAG contends that if a jury decides in its favor, the entirety of the Leases– including the jury waiver provision– is void and the jury may resolve any remaining issues. If the jury decides against RAG, it argues, the Leases are valid and the court may resolve the various claims pursuant to the Leases.

## DISCUSSION

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because complete diversity exists between RAG and SMF and the amount in controversy exceeds $75,000. Federal law governs the right to jury trial for diversity actions in federal court. *Ford v. Citizens & S. Nat'l Bank Cartersville,* 928 F.2d 1118, 1121 (11th Cir. 1991). The Eleventh Circuit has stated, "[e]ven though the 'substantive dimension' of a claim brought in federal court may be governed by state law, 'the right to a jury trial in federal courts is to be determined as a matter of federal law.'" *Id.* (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam); *see also Wachovia Bank v. Longcrier Homes, Inc.*, 2010 WL 320484 at *1 (S.D. Ala. Jan. 21, 2010) (citing *Tracinda Corp. v. DaimlerChrystler AG*, 502 F.3d 212, 222 (3rd Cir. 2007) ("The question of waiver of a constitutional right, including the Seventh Amendment right to a jury trial, is a federal question controlled by federal law...[f]ederal courts apply federal law in determining whether a contractual jury trial waiver is enforceable.")).

In applying federal law, the court must consider 1) whether the Plaintiff knowingly, voluntarily, and intelligently waived the right to jury trial, and 2) whether the contractual waiver of the right to jury trial is enforceable vis-a-vis a claim of fraudulent inducement of the contract as a whole.

**1.     Did the Plaintiff Knowingly, Voluntarily, and Intelligently Waive Right to Jury Trial?**

The Eleventh Circuit has held that "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys. Inc.*, 164 Fed. App'x 820, 823 (11th Cir. 2006). In making this assessment, courts

consider "the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract are negotiable." *Id.* However, the Eleventh Circuit has not spoken to which party bears the burden of proving the validity of the waiver itself. *See Id.*

In the instant case, RAG argues that it did not "knowingly and voluntarily" waive the right to jury trial. It alleges that "there is no evidence that the waiver provision in the Leases were discussed or negotiated between the parties." (doc. 16).

However, even if the waiver itself was not specifically negotiated as alleged, RAG presents a weak argument that it did not "knowingly and voluntarily" consent to the provision. First, the contract as a whole was negotiated. Second, each party is a sophisticated, corporate business entity and each had an attorney present to negotiate the contract. Third, no disparity of bargaining power existed between RAG and SMF. The two cases cited by RAG where the courts state a preference for finding against enforcing waiver, *Whirlpool Financial Corp. v. Sevaux*, 866 F. Supp. 1102 (N.D. Ill. 1994) and *Sullivan v. Ajax Navigation Corp.*, 881 F. Supp. 906, 911 (S.D.N.Y. 1995), were cases that involved gross disparities of bargaining power between plaintiffs and defendants. They involved contracts between a debtor and credit corporation and between a passenger and cruise line company respectively and also involved boilerplate contracts. Thus, RAG's claim that it did not knowingly consent to the jury waiver provision is without merit.

**2.     Does Fraud in the Inducement Affect a Jury Waiver?**

The Alabama Supreme Court has held that "[f]raud in the inducement consists of one party's misrepresenting a material fact concerning the subject matter of the underlying transaction

4

and the other party's relying on the misrepresentation to . . . her detriment." *Oakwood Mobile Homes, Inc. v. Barger*, 773 So. 2d 454, 459 (Ala. 2000) (emphasis omitted). Generally, fraud in the inducement can serve as both a basis for tort liability and as grounds for rescinding a contract. 17 Am. Jur. 2d Contracts § 214 (2010); s*ee Day v. Broyles*, 222 Ala. 508, 509 (1931) ("When one is induced to enter into . . . a contract by fraud, he has an election of remedies, either (1) to rescind the contract . . . or (2) affirm the contract, and sue for damages for the deceit . . . ").

The Eleventh Circuit has not directly addressed the question of whether a claim of fraud in the inducement supercedes a contractual jury waiver. Within the Eleventh Circuit, at least three courts from the Southern and Middle Districts of Florida have held that a contractual jury waiver will be enforced regarding claims for fraud in the inducement absent *specific* allegations that the jury waiver provision *itself* was procured through fraud. *See Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287 (M.D. Fla. 2010); *Oglesbee v. IndyMac Fin. Servs.*, 675 F. Supp. 2d 1155 (S.D. Fla. 2009); *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246 (M.D. Fla. 2004).

Additionally, the Second and Tenth Circuits have agreed with SMF's position that the waiver of the right to jury trial provision should be enforced. *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) ("[U]nless a party alleges that its agreement to waive its right to a jury trial was itself induced by fraud, the party's contractual waiver is enforceable vis-a-vis an allegation of fraudulent inducement relating to the contract as a whole."); *Telum Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835 (10th Cir. 1988). However, the court in *Merrill Lynch* conceded that the issue is a "question of first impression in this Circuit, and federal precedent on this topic is thin." *Merrill Lynch*, 500 F.3d at 188.

The courts that have adopted SMF's position analogize to a line of arbitration cases to find that an allegation of fraud in the inducement does not preclude the enforcement of a jury waiver provision in a contract. See, e.g, *Telum* 859 F.2d at 837-8. The United States Supreme Court has held that allegations of fraudulent inducement relating to the contract as a whole do not generally affect an agreement to *arbitrate* absent specific allegations of fraudulent inducement with regard to the *arbitration* clause. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967). The Eleventh Circuit has also found that a general allegation of fraud in the inducement as to a contract does not affect the enforcement of an arbitration clause. *Madura v. Countrywide Home Loans, Inc.*, 344 Fed. App'x 509, 515 (11th Cir. 2009).

However, the analogy to federal arbitration cases falls short in this case for several reasons. First, the courts in arbitration cases were applying the plain meaning of the Federal Arbitration Act. The FAA requires that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-5 (1983). By contrast, no federal statute applies that would establish a similar presumption in favor of enforcing a contractual waiver of the right to jury trial vis-a-vis a claim of fraudulent inducement.

In fact, while Congress has established a presumption in favor of arbitration, the Supreme Court has declared that because "the right of a jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)(quoted in *MZ Ventures, LLC v. Mitsubishi Motor Sales, Inc.*, 1999 U.S. Dist. LEXIS 14421, at *52 (C.D. Cal. 1999)). Indeed, the right to jury trial is more sacrosanct than an

arbitration provision because it is enshrined in the Seventh Amendment. This court will not lightly dismiss what Blackstone termed "the most transcendent privilege which any subject can enjoy." *Id.* at *55 (quoting 3 WILLIAM BLACKSTONE, COMMENTARIES *379).

Additionally, the Supreme Court in *Prima* cited Congressional intent in supporting its decision to uphold an arbitration clause in determining how to adjudicate a fraudulent inducement claim. *Prima*, 388 U.S. at 404 ("[W]e . . . honor . . . the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts."). Because no federal statute speaks to the waiver of the right to jury trial in an ordinary contract, Congressional intent cannot be a reason to enforce such a waiver.

Further, the fear that meritless fraud claims would be used to defeat a jury waiver does not support carte blanche striking of a jury demand. The Second Circuit in *Merrill Lynch* expressed concern that allowing a jury to decide the question of fraudulent inducement "makes it too easy for a litigant to avoid its contractual promise to submit a case to a judge by alleging fraud." *Merrill Lynch*, 500 F.3d at 188. However, the court overlooked the fact that a fraudulent inducement claim would be dismissed at the pleading stage or at summary judgment if, on the merits of the case, no valid fraudulent inducement claim exists. If a claim does proceed to trial, then a jury will decide *only* the question of fraud in the inducement. Thus, a party cannot completely avoid its contractual obligation to waive the right to jury trial by merely bringing a claim of fraud in the inducement.

That said, the court must also note that neither the Constitution nor any statue *precludes* a party from knowingly and voluntarily waiving the right to a jury trial. *See Hood v. Kelly*, 285

Ala. 337, 339 (1970) ("'The right of jury trial is a personal right, of which no person can be deprived against his will, but there is neither constitutional nor statutory provision which prohibits him from waiving his constitutional privilege in civil actions.'") (quoting from *Oliver v. Herron*, 106 Ala. 639, 640 (1894)).  The question then becomes whether the language of the waiver provision applies to the tort claims asserted by RAG, or more specifically, to its claim of fraudulent inducement. By its language, the waiver of jury trial in the lease at issue applies to "[a]ny and all issues presented in any action. . . with respect to any matter *arising out of* or *in connection with* this lease, the relationship of the lessor and lessee, lessee's use of occupancy of the properties, and/or any claim or injury or damage, or any emergency or statutory remedy." (doc. 15) (emphasis added).

      Although not binding on this court, the reasoning in *Ex Parte AIG Baker Orange Beach Wharf, L.L.C. v. Coastal Couture, L.L.C.*, No.1080807, 2010 Ala. LEXIS 64 (April 16, 2010), provides instruction. That case also involved a motion to strike a jury demand based on a contractual waiver. The counterclaimant argued that the waiver did not apply to its tort claims– including fraud in the inducement– because these fell outside the scope of the actual language of the waiver. The Alabama Supreme Court examined the precise language of the waiver that provided, inter alia, that the waiver applied to any claim "*arising out of* or *in any way pertaining or relating to: (I) this Lease* . . . in any way connected with or *relating to or incidental to any dealings of the parties* hereto with respect to this Lease, or *any other matter or controversy whatsoever between the parties.*" *Id.* at *1, 2 (emphasis added). The Court found the scope of the waiver provision to be broader than the language used in earlier Alabama cases. *Id.* at *9-10, 13. The majority of those cases contained waivers that only provided for claims "arising out of" the

contract, a phrase which the Court found to be narrow in scope and "'exclude[d] claims that did not require a reference to, or a construction of, the underlying contract.'"*Ex Parte AIG*, 2010 Ala. LEXIS 64, at *8 (quoting *Ex parte Cupps*, 782 So. 2d 772, 776 (Ala. 2000)). However, the Court in *AIG* found the use of the phrase "in any way pertaining or relating to" to have broad implications and therefore to encompass a claim of fraud in the inducement of the contract as a whole. *Id.* at *10. Recognizing that the "court must uphold the intent of the parties as expressed in their contract," it determined that the trial court erred in denying the motion to strike the jury demand. *Id.* at *13.

   Although the language of the waiver in the instant case is not quite as broad as in *Ex Parte AIG*, it is still sufficiently broad to encompass a claim of fraud in the inducement. The question of fraudulent inducement may not directly "arise out of" the terms of the contract itself, but it certainly arises "*in connection with*" the Leases. Thus, while this court takes into account the general presumption *against* waiver of the right to jury trial, the court finds that the actual language of the waiver is sufficiently broad to overcome it. Given the scope of the waiver, and that RAG has only alleged fraudulent inducement as to the contract as a *whole* and not as to the jury waiver *itself*, this court will grant the motion to strike.

   However, the court has the discretion to impanel an advisory jury pursuant to Federal Rule of Civil Procedure 39(c). ("[I]n an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury."). This court reserves the right to exercise its discretion to impanel an advisory jury to aid it in deciding the factual questions of fraud in the inducement.

## CONCLUSION

For the reasons as stated, the court will GRANT Defendants' "Motion to Strike Plaintiff's Jury Demand" (doc. 15). The court will enter a separate order in accordance with this Memorandum Opinion.

DONE and ORDERED this 3rd day of August 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE